**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------X
                                            :     <u>**OPINION & ORDER**</u>
                                            :     02 MDL 1484(JFK)
In re MERRILL LYNCH & CO., INC.     :
RESEARCH REPORTS SECURITIES LITIGATION    :
                                            :     ‾‾‾
------------------------------------------X
This Document Relates To:
------------------------------------------X
                                            :
Shadi S. Dabit v. Merrill Lynch, Pierce,  :
Fenner & Smith, Inc.                     :     02 Civ. 8472(JFK)
------------------------------------------X

**APPEARANCES**

<u>For Plaintiff:</u>
      FEDERMAN & SHERWOOD
          10205 N. Pennsylvania Avenue
          Oklahoma City, OK 73120
              Of Counsel:    William B. Federman, Esq.

      DUNN, SWANN & CUNNINGHAM
          2800 Oklahoma Tower
          210 Park Avenue
          Oklahoma City, OK 73102
              Of Counsel:    Clell I. Cunningham, III, Esq.

<u>For Defendant:</u>
       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
          Four Time Square
          New York, NY 10035
              Of Counsel:    Jay B. Kasner, Esq.
                                Scott D. Musoff, Esq.
                                Joanne Gaboriault, Esq.

**JOHN F. KEENAN, United States District Judge.**

**JOHN F. KEENAN, United States District Judge:**

## BACKGROUND

Plaintiff Shadi S. Dabit ("Dabit", or "Plaintiff") has moved to join or, alternatively, to substitute the trustee of his estate in bankruptcy as plaintiff in this putative securities class action. For the reasons that follow, Dabit's motion is denied.

Dabit, a former broker of Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch", or "Defendant"), commenced this action on April 26, 2002, on behalf of himself and other current and former Merrill Lynch brokers who, from December 1, 1999, through December 31, 2000, (i) purchased and then refrained from selling Merrill Lynch-recommended securities that were the subjects of allegedly misleading or false research reports (the "holding claims"); and (ii) lost clients, and thus commissions, as a result of Merrill Lynch's alleged misconduct (the "lost commissions claims"). Dabit filed his action in the United States District Court for the Western District of Oklahoma, asserting claims under Oklahoma state law for breaches of fiduciary duty and of the covenants of good faith and fair dealing, and alleging jurisdiction on diversity grounds. On October 23, 2002, the Judicial Panel for Multidistrict Litigation transferred this action to the Southern District of New York for consolidated pre-trial proceedings before the late Honorable

2

Milton Pollack, along with numerous other lawsuits that had been
filed nationwide against Merrill Lynch in the wake of the New
York Attorney General's highly publicized investigation of
Merrill Lynch's issuance of allegedly false research reports.

On April 10, 2003, Judge Pollack dismissed Dabit's
amended complaint in its entirety with prejudice on the ground
that both Dabit's holding claims and lost commissions claims were
preempted by the Securities Litigation Uniform Standards Act of
1998 ("SLUSA") because they were state law claims alleging fraud
in connection with the purchase or sale of nationally traded
securities.  See In re Merrill Lynch & Co. Research Reports Sec.
Litig., 02 MDL 1484, 2003 U.S. Dist. LEXIS 5999, at *1-2
(S.D.N.Y. Apr. 10, 2003).  On January 11, 2005, the Second
Circuit affirmed in part and vacated in part Judge Pollack's
dismissal of Dabit's claims.  See Dabit v. Merrill Lynch, Pierce,
Fenner & Smith, Inc., 395 F.3d 25 (2d Cir. 2005), vacated 547
U.S. 71 (2006).  Regarding the dismissal of the holding claims,
the Second Circuit held that, to the extent Dabit was able to
plead that he and other members of the class had been
fraudulently induced to hold, rather than purchase, securities,
such allegations would not be preempted by SLUSA.  Accordingly,
the Circuit vacated the with-prejudice dismissal of the holding
claims and remanded to this Court for those claims to be
dismissed without prejudice to allow Dabit leave to replead.

Regarding the lost commissions claims, the Circuit vacated Judge Pollack's judgment, holding that those claims were not preempted by SLUSA.  On September 27, 2005, the Supreme Court granted the defendant's petition for a writ of certiorari for the sole purpose of reviewing the Second Circuit's disposition of the holding claims.  On March 21, 2006, the Supreme Court vacated the judgment of the Second Circuit regarding Dabit's holding claims. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71 (2006).  The Supreme Court held that, for purposes of determining whether claims are preempted under SLUSA, the distinction between holders and purchasers of securities was irrelevant and that Dabit's allegations that Merrill Lynch's fraud induced the plaintiffs to hold securities were sufficient to trigger preemption under SLUSA.  Thus, the Supreme Court reinstated Judge Pollack's dismissal-with-prejudice of Dabit's holding claims.  The Circuit's reinstatement of Dabit's lost commissions claims was not reviewed by the Supreme Court.  Thus, the lost commissions claims are the only claims that remain pending in this Court.

In June 2003, subsequent to the dismissal of Dabit's amended complaint, Merrill Lynch obtained an arbitration award of $130,000 against Dabit on a cross-claim against him.  On February 11, 2004, Dabit filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Western District of

Oklahoma.  Merrill Lynch holds an unsecured claim of
approximately $5 million against Dabit, which Defendant states,
and Plaintiff does not dispute, is the largest unsecured claim in
the bankruptcy proceeding.  On February 17, 2004, L. Win Holbrook
("Holbrook", or the "Trustee") was appointed trustee of Dabit's
bankruptcy estate (the "Estate").  Dabit's interest in the
instant causes of action is among the assets that are listed as
belonging to the Estate.

On December 12, 2006, Dabit filed a motion in the
bankruptcy court for an order, pursuant to 11 U.S.C. § 554,
directing Holbrook to abandon the Estate's interest in this
lawsuit to allow it to re-vest in Dabit.  On January 12, 2007,
the bankruptcy court denied Dabit's motion.  It is undisputed
that Dabit's claims in this action remain property of the Estate.

At a conference on June 27, 2007, after being informed
about Dabit's bankruptcy proceedings, the Court directed
Plaintiff's counsel to file a motion to substitute the Trustee
for Dabit as the named plaintiff.  Accordingly, Dabit moved,
pursuant to Rule 25(c) of the Federal Rules of Civil Procedure,
to join or, alternatively, to substitute the Trustee of the
Estate as plaintiff in this lawsuit.  Plaintiff Dabit contends
that, although all interest in his claims has been transferred to
the Trustee, he is entitled to receive a percentage of the
recovery through an agreement reached between Dabit and the

Trustee.  Therefore, Dabit asserts that he "retain[s] an interest
in the case" and, accordingly, it is appropriate that he remain
named plaintiff in this case, in joinder with the Trustee. (Pl.
Mot. 3.)  In the alternative, Dabit argues that the Trustee
should be substituted for him as the named plaintiff.

Defendant opposes Plaintiff's motion for joinder or
substitution of the Trustee as a plaintiff.  Defendant contends
that joinder is inappropriate because Dabit is no longer a real
party in interest and thus has no standing to remain as a
plaintiff in this action.  Defendant opposes substitution of the
Trustee as plaintiff on the ground that the Trustee, as a
fiduciary of the Estate, has interests that conflict with other
potential class members and therefore cannot serve as an adequate
representative of the putative class.

**DISCUSSION**

Plaintiff has moved for joinder or substitution
pursuant to Rule 25(c) of the Federal Rules of Civil Procedure.
Rule 25(c) provides that

> [I]n case of any transfer of interest, the action
> may be continued by or against the original party, unless
> the court upon motion directs the person to whom the
> interest is transferred to be substituted in the action
> or joined with the original party.

Fed. R. Civ. P. 25(c).

The Court declines to allow Dabit to remain as a named

6

plaintiff in joinder with the Trustee and declines to permit the
Trustee to be substituted as the sole named plaintiff.  Dabit
lacks standing to remain a plaintiff in this case, in joinder
with the Trustee or any other party.  Although the Trustee has
indeed succeeded to Dabit's interest in this lawsuit, the Trustee
cannot be substituted as the sole plaintiff because he cannot
serve as a fair and adequate representative of the class.

*Dabit's Lack of Standing*

        Dabit may not remain a named plaintiff in this case in
joinder with the Trustee or any other party because he has no
standing to prosecute this action.  Under Article III's standing
requirement, "if the plaintiff loses standing at any time during
the pendency of the proceedings in the district court or in the
appellate courts, the matter becomes moot, and the court loses
jurisdiction." Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49,
69 (2d Cir. 2001).  The standing requirement applies to a
plaintiff who seeks to act as class representative. See Ramos v.
Patrician Equities Corp., 765 F. Supp. 1196, 1199 (S.D.N.Y. 1991)
("A plaintiff, including one who is seeking to act as class
representative, must have individual standing to assert the
claims in the complaint against each defendant being sued by
him.").  Although Plaintiff has not yet moved for class
certification under Rule 23, the determination of Dabit's
standing is antecedent to and distinct from the Court's

7

evaluation of the fairness and adequacy of Dabit as a class representative, under Rule 23(a)(4).  See id. ("[T]he question of standing must be considered independently from the question of whether there is a proper class action under Rule 23.").

When Dabit filed for bankruptcy protection, he lost standing to prosecute the instant causes of action.  "[C]ourts have consistently held that only the trustee and not a debtor has standing to pursue causes of action that belong to the bankruptcy estate." Hopkins v. Foothill Mt., Inc. (In re Hopkins), 346 B.R. 294, 304 (Bankr. E.D.N.Y. 2006) (citing cases); see also Cohen v. Nat'l Union Fire Ins. Co. (In re County Seat Stores, Inc.), 280 B.R. 319, 325 (Bankr. S.D.N.Y. 2002) (stating that "the trustee, and only the trustee, can sue and be sued on behalf of the estate").  This is because, under Section 541 of the Bankruptcy Code, all rights in a debtor's legal or equitable property are transferred to the bankruptcy estate when a Chapter 7 debtor files for bankruptcy protection.  11 U.S.C. § 541(a).  The property that is transferred to the bankruptcy estate includes "'causes of action belonging to the debtor at the commencement of the bankruptcy case.'" Hopkins, 346 B.R. at 304 (quoting Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004)).  Once an asset is transferred to the bankruptcy estate, "[a]ll rights held by a debtor in the property are extinguished, unless the property is exempted from the estate under 11 U.S.C. § 522 or

abandoned back to the debtor under 11 U.S.C. § 554." Id. at 303.
Although Dabit moved in the bankruptcy court, under section 554,
for an order directing the Trustee to abandon the Estate's
interest in this case to re-vest that interest in Dabit, the
bankruptcy court denied that motion.  The instant causes of
action thus remain the property of the Estate, and the Trustee is
the sole party with standing to bring the claims.

Dabit asserts that he retains an interest in the claims
because, under an agreement reached with the Estate, he is
entitled to a share of any recovery obtained by the Estate.
Although Dabit, as the debtor, may receive any surplus recovered
by the Estate after the payment of all debts, fees, and
administrative expenses, see 11 U.S.C. § 726(a)(1)-(6), the mere
possibility that he may realize some benefit from the Estate's
prosecution of this lawsuit is not sufficient to confer standing.
See Ardese v. DCT, Inc., No. 06 Civ. 012, 2006 U.S. Dist. LEXIS
92051, at *16 (E.D. Okla. Dec. 19, 2006) (noting that "if the
possibility of recovering some portion of an award or settlement
of causes of actions belonging to a bankruptcy estate was
sufficient to grant standing to assert those causes of action,
then all of Plaintiff's creditors, who have a superior right [to
the debtor] to distribution of any such award or settlement,
would also have standing as plaintiffs in this case").

As Merrill Lynch points out, the cases relied upon by

9

Plaintiff are inapposite.  These cases are irrelevant to the question of whether a Chapter 7 debtor retains a legally cognizable interest in the property of the debtor's bankruptcy estate sufficient to confer standing on the debtor.  Rather, the cases cited involve the grant of a motion to transfer a bankruptcy trustee's interest in a lawsuit to a secured creditor of the Chapter 7 debtor, see Pacamor Bearings, Inc. v. Minebea Co., 892 F. Supp. 347 (D.N.H. 1995), and the grant of a motion for joinder by a receiver that had assigned most of its interest in the pending claims to a bankruptcy trustee but had retained by agreement a 10% stake in the recovery, after the trustee's recoupment of expenses and one million dollars, see FDIC v. Tisch, 89 F.R.D. 446 (E.D.N.Y. 1981).  In other words, the cases involve a secured creditor and co-fiduciary that retained legally cognizable stakes in lawsuits that had been transferred to the bankruptcy estates and thus were real parties in interest, unlike Dabit, whose interest in the instant action expired by operation of law upon his filing for bankruptcy protection.

Because Dabit lacks standing, the Court will not permit him to remain a named plaintiff in joinder with the Trustee, or any other party, in this action and dismisses his claims as asserted individually.

*Holbrook's Conflict of Interests*

Holbrook cannot serve as the named plaintiff in this

10

action, because his dual role as a fiduciary for Dabit's
creditors and as representative of the putative class of
plaintiffs would create an insuperable and impermissible conflict
of interests.  Although no court of this Circuit has yet ruled on
the question, other courts have held that the trustee of a
bankruptcy estate may not serve as a class representative, due to
conflicts of interest between the Trustee's duties to the
creditors of the bankruptcy estate and the duties owed to members
of the class.[1]  See, e.g., Dechert v. Cadle Co., 333 F.3d 801 (7th

_____

[1]Very recently, however, the Second Circuit came within
shouting distance of the issue.  In Cordes & Co. Fin. Servs. v.
A.G. Edwards & Sons, Inc., No. 06 Civ. 2143, 2007 U.S. App. LEXIS
21720 (2d Cir. Sept. 11, 2007), the Second Circuit reversed a
decision of the district court, in which the latter denied
plaintiffs' motion for class certification on the ground that the
named plaintiffs, who were trustees of the bankruptcy estates of
the original named plaintiffs, could not serve as class
representatives because they were assignees.  In reversing, the
Circuit held that the mere fact that a named plaintiff is an
assignee of the original named plaintiff does not alone preclude
the assignee from serving as a fair and adequate class
representative.  But the Circuit declined to rule on whether the
bankruptcy trustees could in fact serve as fair and adequate
class representatives.  The Circuit remanded for the district
court to evaluate whether, under Rule 23(a)(4), the trustees'
interests were antagonistic to the interests of the other class
members.  The Circuit observed that one or both trustees "may in
fact not be an adequate class representative here. If, for
example, either is not sufficiently aligned in interest with the
represented group, or has insufficient knowledge or access to
information, it may not qualify.  But we are in no position, and
therefore decline, to make that determination in the first
instance." Id. at *33 (internal quotation marks and citations
omitted).

Cir. 2003); <u>Davidson v. Citizens Gas & Coke Util</u>., 238 F.R.D.

225, 230 (S.D. Ind. 2006).  As Judge Posner explained in <u>Dechert</u>,

> It might seem that the conflict of interest in this case between the trustee in bankruptcy and the members of the class (other than the estate in bankruptcy) is inherent in class actions because a named plaintiff cannot be assumed to have the same interest in the litigation as the unnamed class members. So what difference does it make whether the named plaintiff is a trustee in bankruptcy? The difference is that in the usual class action the named plaintiff is a nominal party and the real party is the lawyer for the class. The lawyer has no reason to favor the named plaintiff over the rest of the class members. When the named plaintiff is a fiduciary, however, he cannot just 'go along' with the class lawyer. He has a duty to seek to maximize the value of his claim, and this duty may collide with his fiduciary duty as class representative (if he is permitted to be the class representative) to represent all members of the class equally. Such a collision is especially likely in a case in which the fiduciary is a trustee in bankruptcy, because class-action litigation tends to be protracted yet the Bankruptcy Code requires the trustee to complete his work expeditiously. 11 U.S.C. § 704(1).

> We do not want to lay down a flat rule that a trustee in bankruptcy (or, what is the equivalent, a debtor in possession) can never be a class representative. . . . There may be cases in which the expected recovery of individual class members is substantial and only a fiduciary is available to be the class representative.  There has been no showing of either circumstance in this case.

333 F.3d at 803.

Here, substitution of Holbrook as named plaintiff would create a clear conflict of interests.  As a Chapter 7 trustee, Holbrook "is charged with the duty to collect and reduce to money the property of the estate for which [he] serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]" 11 U.S.C. § 704(1).  "As an officer of

the Court and as a representative of [Dabit's] creditors, the
Trustee has a duty to realize the maximum return for the estate
for further distribution to the Debtor's creditors.  Although a
Chapter 7 trustee is a fiduciary obligated to treat all parties
fairly, his primary duty is to the estate's unsecured creditors."
In re Balco Equities Ltd., 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005)
(internal quotation marks and citations omitted) (emphasis
added).  By contrast, a class representative has a fiduciary duty
to the class, "and as a result the certified representatives may
not take any action which will prejudice the Class's interest, or
further their personal interests at the expense of the Class."
Martens v. Thomann, 273 F.3d 159, 173 n.10 (2d. Cir. 2001)
(internal quotation marks and citations omitted).  The
representative plaintiff owes a fiduciary duty to absent members
even before the class is certified. See Deposit Guaranty Nat'l
Bank v. Roper, 445 U.S. 326 (1980).

          In this case, Holbrook's duties to the creditors of the
Estate would collide jarringly with his duties to the members of
the class.  This is because, as Trustee of the Estate, Holbrook
would have an obligation to represent the interests of Merrill
Lynch, as a creditor of the Estate (indeed, as the creditor with
the single largest unsecured claim against Dabit); at the same
time, as a class representative, Holbrook would have a duty to
the class to prosecute the instant claims against Merrill Lynch,

as the defendant in this case.  Thus, were he to be substituted as named plaintiff, Holbrook would be called upon to work both sides of the street in this case.

In addition, the conflict that was specifically identified in Dechert also exists in this case.  This litigation has been pending for more than five years.  The Trustee's obligation to liquidate the property of the Estate expeditiously conflicts with the class's interest in continuing to prosecute what is already a protracted lawsuit.

Plaintiff's attempts to distinguish Dechert are unavailing.  First, Plaintiff notes that Dechert was decided in the context of a motion for class certification, in contrast to the instant case, where the issue of certification is not yet before the Court.  Thus, Plaintiff contends, a determination regarding the adequacy of the Trustee as a class representative would be premature.  The Court, however, has the continuing duty at all stages of the litigation to ensure that the named plaintiffs are providing fair and adequate representation for the class. See In re General Motors Corp. Engine Interchange Litig., 594 F.2d 1106 (7th Cir. 1979);  1 Newberg on Class Actions § 3:21 (4th ed. 2006).  Here, the Court must deny Plaintiff's motion to substitute the Trustee as named plaintiff because it is evident, even at the pre-certification stage, that Holbrook could not adequately represent the interests of the putative class.  Under

14

Rule 23(a), "the interests of the named plaintiffs cannot be antagonistic to those of the remainder of the class." Reynolds v. Giuliani, 118 F. Supp. 2d 352, 390 (S.D.N.Y. 2000).  A "conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." Id.  As noted above, substituting the Trustee as the named plaintiff would result in an incurable conflict of interest between the Trustee's duty to Dabit's creditors and his duty to the putative plaintiffs, in essence requiring the Trustee to act simultaneously on behalf of adverse parties in the litigation. Thus, the inadequacy of the Trustee as class representative is readily apparent at the pre-certification stage.

Second, Plaintiff asserts that Dechert did not set forth a per se rule that a bankruptcy trustee may never act as a class representative, but rather allowed for the exception of cases "in which the expected recovery of individual class members is substantial and only a fiduciary is available to be the class representative." Dechert, 333 F.3d at 803.  Plaintiff appears to claim that the instant case constitutes such an exception. Although Plaintiff asserts that Dabit's expected recovery is "millions of dollars," and therefore substantial, there has been no showing that the Trustee is the only available class representative. (Pl. Rep. 5.)  Indeed, in his reply brief, Plaintiff states that "Terry Ray Morris, a former Merrill Lynch

15

broker who lost clients and commissions as a result of Merrill
Lynch's wrongful conduct . . . is prepared to move to intervene
in this case." (Id.)  Thus, Plaintiff's own submission
establishes that the Trustee is not the only available class
representative in this case.

Accordingly, Plaintiff's motion to join or substitute
the Trustee as the named plaintiff is denied.  Although the
Trustee is the proper party to prosecute Dabit's claims as
asserted individually, the Trustee may not serve as named
plaintiff in this putative class action.

_Mootness_

Having determined that Dabit lacks standing and
dismissed his claims, and having denied the motion to substitute
the Trustee to serve as the named plaintiff, the Court must
decide sua sponte whether to dismiss the complaint as moot. See
Central States Southeast and Southwest Areas Health and Welfare
Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 197 (2d
Cir. 2005) ("Because the standing issue goes to the court's
subject matter jurisdiction, it can be raised sua sponte.").

"[I]n  general, if the claims of the named plaintiffs
become moot prior to class certification, the entire action
becomes moot." Comer v. Cisneros, 37 F.3d 775, 798 (2d Cir.
1994).  In the context of class actions, however, where the named
plaintiff represents the interests of a putative class in

16

addition to his own interests, "'[s]pecial mootness rules apply.'" In re Nat'l Austl. Bank Secs. Litig., No. 03 Civ. 6537 (BSJ), 2006 U.S. Dist. LEXIS 94163, at *8 (S.D.N.Y. Nov. 8, 2006) (quoting Lusardi v. Xerox, 975 F.2d 964, 975 (3d Cir. 1992)).  An exception to the mootness rules may apply where "to give effect to the purposes of Rule 23, it is necessary to conceive of the named plaintiff as part of an indivisible class and not merely a single adverse party . . . ." Landers v. Leavitt, 232 F.R.D. 42, 47 (D. Conn. 2005) (internal quotation marks and citation omitted).  Courts generally have applied the mootness exception in the pre-certification stage of litigation in cases where the named plaintiff has been "picked-off" by the defendants through a Rule 68 offer of settlement, see e.g., White v. Mathews, 559 F.2d 852, 857 (2d Cir. 1977); Nasca v. GC Servs. Ltd. P'shp, No. 01 Civ. 10127 (DLC), 2002 U.S. Dist. LEXIS 16992 at *5-10 (S.D.N.Y. Sept. 12, 2002); and in cases where the named plaintiff's claims have expired prior to certification and the nature of the claims is transient, see e.g., Gerstein v. Pugh, 420 U.S. 103, 110 (1975) ; Comer, 37 F.3d at 800.  However, as Judge Jones explained in In re Nat'l Austl. Bank Secs. Litig., "these are general characteristics of such cases, not criteria.  At bottom, the thrust of the mootness exceptions are to provide justice to absent class members and to promote the utility of the class action device." 2006 U.S. Dist. LEXIS 94163, at *10 n.6 (citation

17

omitted).  Thus, in order to protect absent class members, where the claims of a lead plaintiff become moot at the pre-certification stage, "courts not only may, but <u>should</u>, 'respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative.'" <u>Id.</u>, at *12-13(quoting <u>In re Thornburgh</u>, 869 F.2d 1503, 1509 (D.C. Cir. 1989)); <u>see also</u> 1 Newberg on Class Actions § 2:26 (4th ed. 2006) ("When mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives.") (collecting cases). "Such action is especially appropriate where . . . the reason for mootness has only individual rather than classwide impact." <u>In re Nat'l Austl. Bank Secs. Litig.</u>, 2006 U.S. Dist. LEXIS 94163, at *12-13 (internal quotation marks and citation omitted).  Application of the mootness exception is also appropriate in cases where the named plaintiff's claims become moot before the plaintiff had the opportunity to file a motion for class certification. <u>See</u> <u>Eckert v. Equitable Life Assur. Soc'y of the United States</u>, 227 F.R.D. 60, 63 (E.D.N.Y. 2005) ("[I]n situations where a plaintiff has not yet had a reasonable opportunity to file a motion for class certification, namely, where there has been no 'undue delay,' the court retains subject matter jurisdiction despite the plaintiff's failure to move for class certification.")

Here, Dabit's loss of standing and the consequent mootness of the instant claims result from his filing for personal bankruptcy protection; the "reason for mootness" thus is specific to Dabit and has no impact on other as-yet absent members of the putative class. In addition, Dabit did not have a reasonable opportunity, prior to his filing for bankruptcy protection, to move for class certification. When Dabit filed for bankruptcy in February 2004, Dabit's appeal of Judge Pollack's dismissal of the amended complaint was pending in the Second Circuit, and Merrill Lynch had not filed an answer. Dabit's failure to move for class certification prior to this stage of the litigation cannot be deemed to be the result of undue delay. Under such circumstances, application of the mootness exception will promote the purposes of Rule 23 and protect the interests of absent class members.

Accordingly, the Court will retain jurisdiction of this case and allow absentee class members to move to intervene as the new named plaintiffs in this action.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to join or, in the alternative, substitute the Trustee as named plaintiff is DENIED. Dabit's claims, as asserted individually, are dismissed, because he no longer has standing. The Court will retain jurisdiction of this putative class action, however, in

19

order to permit one or more absentee class members to file a
motion for intervention.  Absentee class members shall have
ninety (90) days from the entry of this Order to move for
intervention as the new named plaintiff(s) in this action.


SO ORDERED.
Dated: New York, New York
       September _18_ , 2007



_____
                    JOHN F. KEENAN
            United States District Judge